# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    **Plaintiff,**

vs.                                                      **NO. CR 04-551 RB**

CALEB N. REYNOLDS,

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**I. Introduction.**

**THIS MATTER** comes before the Court on the issue of whether the safety valve provision of the Sentencing Guidelines, U.S.S.G. § 5C1.2, applies to Caleb N. Reynolds, who was convicted under 21 U.S.C. § 860. For the following reasons, the Court finds that the safety valve provision of the Guidelines does **NOT APPLY** to Caleb N. Reynold's conviction under 21 U.S.C. § 860.

**II. Background.**

On July 8, 2004, Defendant Caleb N. Reynolds ("Mr. Reynolds") plead guilty to the charges contained in a five count indictment. Counts I and II charged Mr. Reynolds with violating 21 U.S.C. § 846 and 21 U.S.C. §§ 841 (a)(1), (b)(1)(B), and (b)(1)(C). Counts III-V charged him with Distribution of 5 Grams and More of a Mixture and Substance Containing a Detectable Amount of Cocaine Base, More Commonly Known as Crack, Within 1,000 Feet of a School and Aiding and Abetting in violation of 21 U.S.C. § 860(a) and 18 U.S.C. § 2. As part of the plea agreement, the Government and Mr. Reynolds stipulated that the quantity of crack Mr. Reynolds distributed under

U.S.S.G. § 2D1.1 was 34.37 grams.

Pursuant to U.S.S.G. § 2D1.2(a)(2) the Government added one level to the original base offense level under § 2D1.1, to arrive at a base offense level of 29. *See* § 2D1.1(c)(6) (listing the offense levels under the Drug Quantity Table). The Government recommended a reduction of three levels for acceptance of responsibility pursuant to § 3E1.1 and an additional reduction of two levels under § 3B1.2(b) because Mr. Reynolds was a minor participant in the criminal activity underlying the plea agreement. This placed Mr. Reynold's offense level at 24, which required a sentencing range of 51-63 months under the Sentencing Guidelines. Moreover, the statutory minimum under 21 U.S.C. § 860 is five years, or 60 months, which compresses the sentencing range under the Guidelines to 60-63 months. *See* U.S.S.G. § 5G1.1, comment. The Government, however, recommended that Mr. Reynolds "should be granted an additional two (2) level downward adjustment and relief from the minimum mandatory sentence" if he meets the criteria of 18 U.S.C. § 3553(f) laid out in U.S.S.G. § 5C1.2(a)--the safety valve provision of the Sentencing Guidelines.[1] An additional two level downward adjustment would place Mr. Reynolds at an offense level of 22,

---

[1] § 5C1.2 (a) is titled "Limitation on Applicability of Statutory Minimum Sentences in Certain Cases" and allows a court to sentence a defendant to less than the statutory minimum: "[I]f the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5) set forth verbatim below:
    (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines . . .;
    (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon . . . in connection with the offense;
    (3) the offense did not result in death or serious bodily injury to any person;
    (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense . . .;
    (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense . . . ."

2

with a sentencing range of 41-51 months under the Guidelines. At page three of the "Addendum to the Presentence Report," the Probation Office expressed it's position that "convictions under 21 U.S.C. § 860 are not entitled to safety valve relief as § 860 is not a statute listed in 18 U.S.C. § 3553(f)" or § 5C1.2(a) of the Guidelines.

At issue then, is whether the safety valve provision in U.S.S.G. § 5C1.2(a) applies to Mr. Reynolds, who was convicted under 21 U.S.C. § 860 pursuant to the plea agreement.

## II. Analysis.

### A. The authority against applying § 5C1.2(a) to convictions under 21 U.S.C. § 860.

Several circuits have held that the safety valve provision of U.S.S.G. § 5C1.2, which allows a court to sentence a defendant below the statutory minimum, does not apply to defendants convicted under 21 U.S.C. § 860. The Third Circuit in *United States v. McQuilkin*, 78 F.3d 105, 108 (3d. Cir. 1996), held that: "In clear and unambiguous language . . . 18 U.S.C. § 3553(f) does not apply to convictions under 21 U.S.C. § 860, the 'schoolyard' statute." The court reasoned that 18 U.S.C. § 3553(f) and § 5C1.2(a) apply only to convictions under the statutes listed there: 21 U.S.C. §§ 841, 844, 846, 961, and 963. *Id.* The court noted that: "It is a canon of statutory interpretation that the inclusion of certain provisions implies the exclusion of others." *Id.* The court ruled that since the Guidelines do not specifically list 21 U.S.C. § 860 in the safety valve provision, it does not apply to defendants like Mr. Reynolds who were convicted under that statute. The Ninth and Eleventh Circuits followed the reasoning of *McQuilkin* and held that the safety valve provision does not apply to defendants convicted under 21 U.S.C. § 860. *See, e.g., United States v. Kakatin*, 214 F.3d 1049, 1051-52 (9th Cir. 2000); *United States v. Anderson*, 200 F.3d 1344, 1348 (11th Cir. 2000).

## B. The Fourth Circuit's holding in *United States v. Warnick*.

The Fourth Circuit, on the other hand, held that defendants convicted under 21 U.S.C. § 860 can still qualify for the safety valve provision of the Sentencing Guidelines. *See United States v. Warnick*, 287 F.3d 299, 304 (4th Cir. 2002). The court in *Warnick* ruled that the plain meaning of U.S.S.G. § 2D1.1, *before the 2001 Amendments to the Guidelines were in place*, allowed a defendant convicted under 21 U.S.C. § 860 to qualify for a two level reduction in the total offense level. *Warnick*, 287 F.3d at 304. In order to do so, the defendant merely had to meet the five criteria listed under § 5C1.2 of the Guidelines. *Id.* The question before the Court in this case, however, is whether § 5C1.2(a) of the current Guidelines allows a defendant convicted under 21 U.S.C. § 860 to obtain relief from the statutory minimum of five years in prison. The answer is no.

## C. The plain meaning of the Sentencing Guidelines.

By its terms, the Sentencing Guidelines' safety valve provision does not apply to defendants convicted under 21 U.S.C. § 860. The Government calculated Mr. Reynold's offense level by utilizing §§ 2D1.2 and 2D1.1 of the Guidelines. In determining the total quantity of drugs to arrive at Mr. Reynold's base offense level, § 2D1.2(a)(2) calls for "1 plus the offense level from § 2D1.1 . . . ." § 2D1.1(b)(7) then cross references the safety valve provision and provides that: "If the defendant meets the criteria set forth in subdivisions (1)-(5) *of subsection (a) of § 5C1.2* (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases), decrease by 2 levels." U.S.S.G. § 2D1.1(b)(7) (emphasis added).[2] This section specifically references subsection (a) of § 5C1.2,

---

[2] The Government referenced § 2D1.1(b)(6) in the plea agreement, which was drafted pursuant to the 2003 Sentencing Guidelines. This opinion references the applicable section from the current 2004 Sentencing Guidelines, which became effective on November 1, 2004. The Tenth Circuit has held that: "The sentencing court generally must apply the sentencing

4

which lists the five offenses to which the safety valve provision applies. 21 U.S.C. § 860, one of the offenses to which Mr. Reynolds plead guilty, is not one of them. Even if Mr. Reynolds is entitled to a two level reduction in his total offense level for meeting the criteria listed in subdivisions (1)-(5) of § 5C1.2(a), therefore, he still would not qualify for the safety valve exception because that provision does not apply to convictions under 21 U.S.C. § 860. The Court, therefore, must sentence Mr. Reynolds to a minimum of five years pursuant to § 860.

In addition, the Tenth Circuit held that 21 U.S.C. § 860 is a separate substantive offense even though it refers to § 841, which is listed under the safety valve provision of the Guidelines. *See United States v. Smith*, 13 F.3d 380, 382-83 (10th Cir. 1993). Mr. Reynolds can not argue, therefore, that § 5C1.2(a) indirectly incorporates 21 U.S.C. § 860 into its safety valve provision. The five offenses listed in § 5C1.2(a) relate solely to drug dealing. The Sentencing Commission appears willing to offer a defendant who can meet the five criteria listed in that subsection relief from the statutory minimum sentence for these five offenses.

In other words, if the defendant can show that: he or she has very little criminal history, that the defendant did not use violence in dealing drugs or cause physical harm to anybody, was a minor participant in the drug dealing scheme, and told the Government the truth about their involvement in the offense, then the defendant can avoid being sentenced to the statutory minimum. However,

---

guidelines in effect on the date of sentencing rather than those in effect at the time of the offense . . . . The Ex Post Facto Clause, however, prohibits retroactive application of an amended guideline provision if the amendment disadvantages the defendant by inflicting a greater punishment for an offense than the law allowed when the offense was committed." *See United States v. Swanson*, 360 F.3d 1155, 1166 (10th Cir. 2004). Because the application of the 2004 Guidelines results in the same punishment for Mr. Reynolds as the application of the 2003 Guidelines, the Court applies the 2004 version in this case.

the Guidelines do not allow defendants who are convicted of substantive offenses other than those listed under the safety valve provision to avoid the statutory minimum sentence for their offense of conviction. Because Mr. Reynolds was convicted under 21 U.S.C. § 860 for selling drugs within 1,000 feet of a school zone, he can not avoid the minimum sentence for his offense.

The list of substantive offenses that qualify for relief from the statutory minimum under § 5C1.2(a), therefore, is exhaustive.

**For the foregoing reasons, the Court finds that Mr. Reynolds is not entitled to the benefits of the safety valve provision because § 5C1.2(a) does not apply to convictions under 21 U.S.C. § 860. The sentencing range for Mr. Reynolds under the Guidelines is 60-63 months. Sentencing in this matter will commence according to the calendar of the Court.**

*[signature]*

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

6